SENTELLE, Chief Judge,
concurring:
Although I confess to having come late to the wisdom expressed by Judge Henderson, I join her view that the procedural background of this ease and the applicable burden of proof make it apparent in the end that we have improvidently granted en banc review. Upon examining the merits of the case, I recall the conclusion previously expressed by one of our colleagues in an earlier concurrence in an en banc decision: “Because I believe that in a close en banc case prior precedent is entitled to some respect, I join the majority opinion.” United States v. Mills, 964 F.2d 1186, 1194 (D.C.Cir.1992) (Silberman, J., concurring).
As the majority notes, this is a statutory question, albeit with constitutional implications. Errors in statutory interpretation are reparable by congressional action. Errors in our interpretation are reparable by the action of the Supreme Court. *517 Therefore, when the question is a close one — and this one I think is exceedingly close — I will accept the weight of precedent and vote with the majority to leave undisturbed this circuit’s controlling interpretation of 18 U.S.C. § 924(c)(1 )(B)(ii). Nonetheless, in doing so, I agree with the dissent that the “altar boy argument” of the majority is unconvincing and perhaps stands at the head of some slippery slope. I do think it not good enough to posit that someone should know conduct is illegal and therefore to avoid it where the illegality of the conflict may be measured in degrees. That is, the dissent poses a fair question, quoted from the Supreme Court when it asked: “Would we apply a statute that makes it unlawful ‘knomngly to possess drugs’ to a person who steals a passenger’s bag without knowing that the bag has drugs inside?” Dissent at 536 (quoting Flores-Figueroa v. United States, 556 U.S. 646, 650, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009)).
I do not suggest that the defendant in the present case has been inflicted any great injustice. Judge Henderson’s separate concurrence points out the futility of making such a suggestion. Nonetheless, both the majority and the dissent express strong and well-reasoned arguments for their positions, and, as I stated above, I concur with the majority because of the stability principle inherent in our doctrine of stare decisis.
KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring:
I wholeheartedly join the majority opinion but am at a loss why its writing became necessary in the first place. En banc review serves two purposes: to ensure the consistency of our caselaw and to resolve issues of exceptional importance. Fed. R.App. P. 35(a). Because this appeal serves neither purpose, I believe the rehearing petition should have been summarily denied and the panel decision left intact.
First, en banc consideration is not “necessary to secure or maintain uniformity of the court’s decisions.” Fed. R.App. P. 35(a)(1). The sole issue on en banc review is whether 18 U.S.C. § 924(c)(l)(B)(ii) “requires the government to prove that the defendant knew the weapon he was carrying was capable of firing automatically.” Maj. Op. at 502. Circuit law on this issue has been clear and consistent for twenty years. In United States v. Harris, 959 F.2d 246 (D.C.Cir.1992), we rejected the defendant’s argument that “the government must show the defendant knew the precise nature of the weapon,” concluding instead that it need show only that the defendant “knowingly or intentionally possessed a firearm, and that [he] did so intentionally to facilitate” one of the two types of predicate offenses identified in section 924(c)(l)(B)(ii) — either a crime of violence or a drug trafficking crime. Harris, 959 F.2d at 259. None of our precedents — either before or since Harris— calls its holding into question. Nor, as the majority opinion so deftly demonstrates, did the United States Supreme Court’s decision in United States v. O’Brien, which, acknowledging the “case d[id] not require the Court to consider any contention that a defendant who uses, carries, or possesses a firearm must be aware of the weapon’s characteristics,” “expresse[d] no views on the point.” — U.S. -, 130 S.Ct. 2169, 2173, 176 L.Ed.2d 979 (2010).
The issue on rehearing likewise falls short on the second ground for en banc review, that is, that it is plainly not “a question of exceptional importance,” Fed. R.App. P. 35(a)(2). Because Burwell’s trial counsel failed to request an instruction that the jury be required to find Burwell *518 knew of the gun’s automatic capability,[1] we treat the court’s failure to give such an instruction less rigorously and review it for plain error only. See United States v. Laureys, 653 F.3d 27, 32 (D.C.Cir.2011).[2]
Under the plain error standard, Burwell “would have to establish (1) a legal error that was (2) plain (a term that is synonymous with clear or obvious), and that (3) affected his substantial rights.” Id. (quotation marks and alterations omitted). Even if the failure to charge mens rea were error so as to satisfy the first prong of the test (a possibility the majority opinion definitively refutes), it would not satisfy the second and third prongs. It could not be “plain” because it “contradicted no precedents of this Court or the Supreme Court.” Id. Amd it could not “affect [Bur-well’s] substantial rights” because it did not “unfairly prejudice” him given the overwhelming evidence he was aware the firearm was an automatic weapon. United States v. Mahdi, 598 F.3d 883, 891 n. 8 (D.C.Cir.2010). The trial testimony reflects that the gang members decided to use military weapons such as AK-47s instead of handguns because they believed the metropolitan police “wouldn’t respond” if they “robb[ed] banks with assault weapons.” Trial Tr. at 3950. And they used their AK-47s repeatedly and with abandon.[3] Moreover, when Burwell carried the AK-47 to perform “crowd control” during one robbery, a circular 75-^round drum magazine was affixed to the gun. With that attachment, the gun’s automatic potential was eye-popping — particularly to a gun afficionado like Burwell.[4] See Appellee’s Opp’n at 2-3 & n.3. Even the manager of the target bank, who “d[id]n’t really know about guns,” testified it “look[ed] like a machine gun type of gun.” Trial Tr.1916. Given the overwhelming evidence Burwell knew the gun’s capability, if the court had charged the jury on mens rea as Burwell now tardily presses, it could not have avoided finding that he knew the weapon was a machine gun and convicted him in any event.[5] Accordingly, the failure to so instruct the jury did not unfairly prejudice Burwell.[6]
*519 Because there is no conflicting Supreme Court or Circuit precedent and the issue was contested so late in the proceeding, this appeal is an egregiously inappropriate candidate for en banc review. That en banc review was nonetheless granted only prolonged Burwell’s meritless appeal and squandered the court’s and the parties’ resources.

. The government moved during trial to preclude closing argument requiring mens rea and only defendant Morrow filed an opposition. See .Memorandum Opinion, United States v. Morrow, No. l:04-cr-00355, at 1-2 (D.D.C. June 20, 2005). The district court granted the motion, declaring that "any closing argument by any Defendant which suggests that he could not have known the precise automatic nature of the weapon alleged in a Section 924(c)(1) charge is both irrelevant and improper.” Id. at 7.

. The majority opinion correctly concludes that Harris remains good law and it therefore does not reach the sufficiency of the evidence or consider plain error review. See Maj. Op. at 514-15. I address sufficiency of the evidence/plain error to emphasize our mistake in en bancing this case in particular, without having to reach Harris's continuing validity.

. During the gang’s first armed robbery, Bur-well’s co-conspirators fired three AK-47s (in-eluding the two-handled AK-47) "in fully automatic mode, ‘spraying’ bullets at a pursuing police car.” Corrected Appellee’s Opp’n to Appellant's Pet. for Reh'g En Banc, at 3 n.3 (Sept. 2, 2011) (Appellee’s Opp'n). It was after this incident that Burwell, who had previously participated with the gang in an armed carjacking, told two of the members he wanted to start robbing banks with them. Id.

. After the arrests, the police found "stash[esj” of gun-related paraphernalia, including a bulletproof vest and a glove (connected to Burwell by DNA) and three gun periodicals, one of which bore eleven of Bur-well’s fingerprints on its pages. Appellee’s Opp’n at 3 n.4.

. In light of the overwhelming scienter evidence, Burwell is plainly not, as the dissent might suggest, a defendant "who genuinely thought the gun was semi-automatic.” Dissent at 528; see also id. at 553.

. In the absence of such prejudice, plain error is foreclosed as well by the corollary to the plain-error standard which instructs that, even if each of the three prongs is met, the court should "correct a plain error as a matter of discretion only if the error seriously affected the fairness, integrity or public reputation of judicial proceedings.” Id. at 353-54 (quotation marks and alterations omitted). Moreover, even were plain error not the proper standard, the alleged error would be "harmless” and therefore not reversible "because it' is ‘clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error. " United States v. Johnson, 216 F.3d 1162, 1167 n. 5 (D.C.Cir.2000) (quoting Neder v. United States, 527 U.S. 1, 19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).